Good morning and welcome to the Eleventh Circuit. We have three cases on the calendar today. Just a housekeeping matter, as a reminder, we have our traffic light timing system if you're not familiar with it. The light will display green until you have two minutes left in your allotted time, when it will turn yellow as a warning, and then when it turns red, we ask that you please promptly conclude your remarks unless you're answering a question from the court, and then you may finish your answer. Our first case on the calendar today is number 21-13528, United States of America v. Diamond. Mr. Shepard. Oh, I'm sorry, Ms. Shepard. I guess I need new glasses. And Ms. Shepard, you've reserved four minutes for rebuttal, is that correct? Yes, Your Honor. All right, you may proceed. May it please the Court. Every court that has considered a sufficiency of the evidence appeal in an 18 U.S.C. 912 false impersonation case has required more than mere impersonation. An acting as such impersonation offense requires action in addition to the false pretense and the requisite intent. The acting as such element is required by the text of the statute, and any other reading, including the reading urged by the government, would render the second element of the statute superfluous. Mr. Diamond's conduct here was merely the false impersonation. He did not act as an air marshal or act with any assumed authority from that role. Accordingly, the District Court erred in denying Mr. Diamond's Rule 229 motion and his conviction should be vacated. Additionally, there was insufficient evidence to support a verdict of guilty such that his conviction should be vacated. And moreover, the District Court abused its discretion by failing to give Mr. Diamond's requested jury instruction on acted as such, which would warrant reversal and remand for new trial. Why aren't there overt acts here? Not only did he identify himself as a federal air marshal, he kept telling his story and it kept evolving. He kept saying that he was a senior air marshal, he was an honorary air marshal, he helped out the other air marshal on the plane who would carry a gun, and then he pulls out, after a search of his possessions, he pulls out his fake air marshal badge. Why don't we have an overt act here? Your Honor, each of those statements was the false impersonation. It was an assertion of the role. It was saying this is who I am. That is the false impersonation. There is not a single case that the government can point to where a conviction has been affirmed based on nothing more than claiming the role and showing a badge. I would also note, Your Honor, that the interactions that Mr. Diamond had with the law enforcement officers were very brief. The first officer who interacted with Mr. Diamond, Deputy Baker, their entire interaction was recorded. It was two minutes. And Mr. Diamond only showed the badge when he was asked to do so by Deputy Baker, such that showing the badge was, in effect, deferring to Deputy Baker's instruction. It was not Mr. Diamond attempting to act as an air marshal. It was deferring to the officer's instruction. But can't we also take into account the fact that this is happening in the midst of a traffic stop? It's not like this is a Stoneman-Bower case where someone is just walking down a street telling people, hey, I've served, or I'm an air marshal. He is bringing up the fact that he's an air marshal. He has been pulled over, and the presumption is he's doing so with the sort of wink, wink, nod, nod, you know, I'm an air marshal. Don't give me a ticket. Does he actually have to say that out loud when that's sort of the understood context? Your Honor, the fact that it occurred in the context of a stop goes to the question of intent, which is the third element of the offense. And the government was also required to introduce evidence going to that. That is exactly what they relied upon in this on appeal, the sufficiency of the evidence going to intent. The government argued that the fact that this was in the context of a traffic stop, that the jury could infer that Mr. Diamond's intent was to avoid the ticket. So again, we're not challenging that there was sufficient evidence going to intent, but that's what that evidence goes to. The fact of him having an implicit intent does not satisfy the second element, which is the acting as such. Had Mr. Diamond done something to assert the authority or to act in the role? For example, had he asked the officers, you know, to let me go on my way because I am an air marshal, or had he implied to them that he was on air marshal business? There are other cases, some of the cases that are cited to in the briefs, where that has been found to be sufficient, where the individual stopped at a traffic stop not only says, I am a federal official, but also says, and I am on my way to do this, and you need to let me go so that I can go rush in response to an emergency. That's not the situation here. Mr. Diamond identified the purpose for his mission, the reason why he was driving that day, and specifically stated that he was on a personal errand. Well, he said he was on his way to recover his wife's stolen vehicle. Yes, Your Honor. And then my question is, we look at the speeding ticket context, it seems to me an argument could be made that he was asserting his authority as an air marshal implicitly. Obviously, he didn't say, let me go, but you just said if he'd said, let me go, I'm an air marshal, that would have been enough, but he implicitly did that in the speeding context, because he said, I'm going to, I'm on my way to recover my wife's stolen vehicle, and I'm an air marshal. So why isn't he implicitly asserting his authority as an air marshal to not be given a ticket? That seems to be how you could construe his intent, as well as his conduct. Your Honor, first of all, I'm not certain that one can implicitly act as such. Well, let's take that out of the equation, okay? Let's just say, as we know he did, that he says, right at the start of the stop, I need to go get my wife's vehicle, and I'm an air marshal. So why is that not asserting his authority to be let go and to move on right away? Because I'm an air marshal. I'm special. I'm an air marshal. Let me go. Your Honor, looking at the context of this, at this interaction, and I did want to note that the government stated in its brief that Mr. Diamond stated that he was on his way to meet with law enforcement. That is not supported by the record. That was nowhere in the testimony, nor was it in the recorded interaction. Mr. Diamond said, I'm in such a hurry because I'm frustrated and angry with the situation, and I'm going to retrieve this car. Well, it was not just a car, because it gets into kind of law enforcement. I'm going to recover my wife's stolen vehicle. That's a little different. I don't know that I would say, if I got stopped, I would be afraid to go try to recover a car. Your Honor, a few things I would respond. First of all, recovering a vehicle has nothing to do with an air marshal's duty. Recovering a wife's stolen vehicle. Again, that is not the action or activity of an air marshal. An air marshal does not recover lost vehicles. Recovering a vehicle in this case. I agree with that, but it sounds like it's some kind of law enforcement activity. It may not be within the scope of his daily activity, but it sounds like something imbued with law enforcement activity. Mr. Diamond described a personal interaction. He said he was going to meet with the individual who had purchased his wife's vehicle. He said that he was either going to ask that person to get up to date on their payments, or he was going to recover their vehicle. Recovering... Didn't he say it was stolen? He described it either... He said it was stolen in that the person had not made... Well, whatever. He used the word stolen. Again, in the context, he did use the word stolen. He also described how that interaction had happened. He specifically told the officers his wife had sold the vehicle to a person, a friend of theirs, and that person had not made payments and that he was going to meet with that person. Recoveries like this, Your Honor, are also not a law enforcement activity. That is along the lines of a repo person, a debt collector, which is not a law enforcement activity. But looking narrowly at what Mr. Diamond did and what he said, at no point did he say he was on a law enforcement venture. At no point did he say he was on this mission acting as or under the auspices of being an air marshal. Well, and let me ask you about that. You have cited that it appears that if he were acting as a fake on-duty air marshal, then that would be one thing. But here he was, I guess, purporting to act as a fake off-duty air marshal. But you are relying on the Supreme Court's case back from 1915 of U.S.B. Barnault. And it says to, and this is the predecessor version of the statute, but it says to take upon himself to act as such means no more than to assume to act in the pretended character. It requires something beyond the false pretense with intent to defraud. There must be some act in keeping with the pretense. But it would strain the meaning of the section to hold that the offender must act as a veritable officer of the government would act. Here, he showed a badge. Why does that not fit squarely within this language? Because, Your Honor, again, showing the badge is part of the pretense. When we look to the cases, and there are cases that it is not the case, I do not take the position that he would have to be sent on specific air marshal business. But if not on air marshal business, he at least has to use the authority, act under the authority that is given by the air marshal identification in some way. What about our predecessor court's case of United States v. Cohen? And there the defendant represented that he was the associate attorney general, signed in as that, and then represented to an inmate that he was in that position, and that was enough. Well, first of all, Your Honor, Cohen was a sufficiency of the indictment case. It was not a sufficiency of the evidence case, just like Gale, which the government relies on, is also a sufficiency of the indictment case. But in both of those cases, the individual did act as such. The individual in Cohen not only identified himself as an associate attorney general, but he took actions as that. He obtained admission to USP Atlanta, a facility he would not have been able to enter as a citizen. And he also met with an individual and interviewed an inmate acting as a government attorney. That is acting as such. That's not just saying, oh, we're having a social conversation. I'm here on a social visit. He was on a legal visit where he had special access to an inmate and made that representation to the inmate. I did want to address the vaccine issue as well, but it does appear that I'm out of time. Thank you. Good morning, and may it please the court, Gabriel Mendoza for the United States. Under any circuit's reading of Section 912's acted as such element, Mr. Diamond's conviction should be affirmed. Remember, we are viewing the light, the evidence in the light most favorable to the verdict. And in that light, there was sufficient evidence for a rational jury to conclude that Mr. Diamond impersonated a federal officer, took action consistent with that assumed character, and did so with intent to deceive. And that's all the evidence we need to prove. Mr. Diamond repeatedly identified himself as an air marshal or senior air marshal or assistant to the air marshal or honorary air marshal, claimed the purpose of his travel was to recover a stolen car, repeatedly displayed a badge, and set forth his purported duties as a marshal, all within the context of a law enforcement stop, not a social visit, as my colleague just mere bragging bravado or puffery. As the Eighth Circuit held in Gilbert, displaying a badge constitutes a sufficient act because a reasonable jury could infer that the defendant was attempting to avoid a ticket by falsely implying he was on the way to some work-related emergency. That's exactly what this case is. To Ms. Shepard's point, why should we extrapolate broader principles from cases like Cohen and Gale, which were sufficiency of the indictment cases? First of all, Your Honor, if something needs to be proved beyond a reasonable doubt at trial, it needs to be in the indictment and found by a probable cause at the grand jury stage. I mean, that's sort of black-letter Fifth Amendment due process, Sixth Amendment notice requirements. You know, as the Supreme Court said in Apprendi, the indictment must contain an allegation of every fact which is legally essential to the punishment. So when the court in Gale and Cohen says, these are not facts that need to be in the indictment, the necessary implication is these are not facts that need to be proven at trial. But I think the more important thing about Gale is that it explains the elements of this offense in a way that's inconsistent with the way my colleague has described it. The first element, the impersonation, is a state of mind. And the second element is an act consistent with that state of mind. And so the reason that one act can be sufficient to meet both of those elements, like this court has held or like the Ninth Circuit held in Thompson-McGill, is because that single act can prove both the state of mind of the defendant and then the action consistent with the assumed character. And so as the Ninth Circuit put it in Thompson-McGill, and this is consistent with Gale and Cohen, evidence satisfies the act to such element if a reasonable jury could conclude that a defendant's, quote, actions were consistent with the assumed character of a government official and in furtherance of the impersonation. And there is no circuit that says that the act must be an assertion of authority. It has to simply be consistent with the assumed character. And that goes back, Judge Branch, the Supreme Court case that you cite, Leptovich from 1948, straight through this court's own precedent. And given that in the light most favorable to the verdict, there was sufficient evidence for a rational jury to conclude each element was met, Mr. Dimon's convictions should be affirmed. Unless the panel has further questions, that's all I have. Thank you. Your Honors, to the extent that the government contends that its view of the elements in this case are supported by every circuit's view of the elements, it's notable that the government cannot point to a single case out of any district where a 9-12 conviction was affirmed based on conduct equivalent to what was at issue here. Specifically, there is not a single case the government can point to in any circuit where the only conduct was stating the title and showing a decision that the court made in that case was that the defendant had falsely implied that he was on a work-related emergency. He had been pulled over and was represented himself as a customs agent, and he did not have a fake badge. He had actual credentials because he himself had been a former customs agent. It led to a multi-hour investigation. But the basis there was an implication that the reason for his feeding was a work-related emergency, which is not the case here. And to the extent that the court points to the Thomson-McGill case out of the Ninth Circuit, first of all, I would note that there was a dissent in that case. That was not a unanimous opinion issued by the panel in Thomson-McGill. But the court specifically noted in that case that there was a separate pretense and an acting as such in that the defendant in that case had crafted a letter, had pretended to be a staff member of a congressperson's office, and then took action in that role by communicating with a constituent in hopes that the constituent would rely upon that communication. So the cases that the government cites to today in oral argument do not support its contention, nor do any of the cases that it raises in its brief. And in terms of the government's reliance on cases that only go to the Cohen and the Gale decision, that only go to the sufficiency of the indictment, of course, the review that the court looks at when facing the challenge on the sufficiency of the indictment is limited to the face of the indictment itself and whether or not that is sufficient, which is a different standard. Had neither the defendant in Gale nor the defendant in Cohen could have raised a sufficiency of the evidence appeal, because in both of those cases there was overwhelming evidence showing that the defendants did act as such. They did exercise their pretend authority. And again, as I stated previously, even if this court were to find that it is not necessary that the defendant act in accordance with the presumed authority, meaning that Mr. Diamond did not have to be on an airplane acting as an air marshal, there still is the question and the standard of using that authority or exercising that authority, which he did not do. There are multiple cases that we have cited in our brief that make clear that a 9-12 does not punish merely lying. It does not punish merely puffing. And repeating the same lie of the identity all goes to the personation. It does not go to an acting as such. We noted all of the conduct that has been found to be sufficient in these cases, and it is all more, it all involves a step beyond anything that is at issue here. I think you make a good point about that. All the cases do have something a little different than here. But do you have a case that said, what is your best case for saying this is not enough? What would be a not enough case? Your Honor, I think that... I don't think there is one. I think every case shows that there has to be something more than that. I know, but do you have one where the holding is saying this is not enough? It doesn't mean you have to have one. I think you're distinguishing all the cases that say this is enough. I'm just saying, did you have one that says, here it is, this is not enough? Your Honor, I think that the cases that go to sufficient, there are several cases that go to sufficiency of the indictment where the indictment does not identify anything. Yeah, but you just said the indictment case. You can't use them. You just argued they weren't good. Okay, you answered my question. I just want to make sure I wasn't missing a case. I don't think there is one. Doesn't mean this should not be that one, but I just want to make sure I was missing. Thank you. You've answered it. She's answered it. And I would add, Your Honor, that Mr. Lyman's conduct very well may have violated state law, and he very well may have been amenable to being prosecuted under state law. This was an interaction that did not take place on any sort of federal grounds. It did not involve any sort federal officers. It was an interaction with state law enforcement officers on state property, and he did make false statements. He could have been amenable to a prosecution, but here the government chose to indict this as a federal, two federal felonies. Well, he was impersonating a federal air marshal, so I don't see how that's so unusual. Anyway, we understand your argument. Thank you. The next case